RECEIPT #_____
AMOUNT $ /50 ⁰⁰
SUMMONS ISSUED Y-2
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
Y DPTY. CLK. m
ATE 5-24-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 24  P 3: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

BROOKSTONE COMPANY, INC.,

    Plaintiff,

v.

DISCOVERY COMMUNICATIONS, INC.,
and DISCOVERY CHANNEL STORE, INC.;

    Defendants.

Civil Action No.

**04** CV **1 1 0 7 2** GAO

MAGISTRATE JUDGE Coha

---

## COMPLAINT

Plaintiff Brookstone Company, Inc. for its complaint against Defendants Discovery

Communications, Inc. and The Discovery Channel Store, Inc. (collectively, the "Defendants")

alleges as follows:

### PARTIES

1.    Brookstone Company, Inc. ("Brookstone") is a New Hampshire corporation, with

its principal place of business located at 17 Riverside St., Nashua, New Hampshire.

2.    On information and belief, Discovery Communications, Inc. ("Discovery

Communications") is a Delaware corporation with a principal place of business located at 1

Discovery Place, Silver Spring, Maryland.

3.    On information and belief, The Discovery Channel Store, Inc. ("Discovery

Store") is a Delaware corporation with a principal place of business located at 7700 Wisconsin

Avenue, Bethesda, Maryland, 20814.

## JURISDICTION AND VENUE

4.     This civil action for patent infringement and trade dress infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*., the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and the common law of the Commonwealth of Massachusetts. This Court has jurisdiction over the claims presented herein pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1338(a) and 1367.

5.     Discovery Store has at least four retail stores located in Massachusetts. On information and belief, each of these stores offers for sale the Discovery Audio System with Subwoofer, Item No. 697177 (referred to herein as the "Accused System") as shown in Exhibit A.

6.     In addition, on information and belief, Discovery Communications and/or Discovery Store operates an interactive nationally accessible website (www.discovery.com) that permits residents of Massachusetts to access the webpage http://shopping.discovery.com and to submit on-line orders for merchandise shown therein, including the Accused System, which may be shipped to purchasers in Massachusetts.

7.     Defendants are foreign corporations transacting business within the Commonwealth of Massachusetts, and/or are causing tortious injury by committing all or part of the tortious acts or omissions described herein within the Commonwealth of Massachusetts, and/or are causing tortious injury by committing the tortious acts or omissions described herein outside the Commonwealth of Massachusetts while regularly conducting or soliciting business and/or deriving substantial revenue from goods used or consumed or services rendered within the Commonwealth of Massachusetts. Therefore, this Court has personal jurisdiction over each of

Discovery Communications and Discovery Store under Massachusetts' long-arm statute. Mass. Gen. Laws. Ann. Ch. 223A Section 3 (West 2003).

8.    Each of Discovery Communications and Discovery Store, pursuant to 28 U.S.C. § 1391(c), is deemed to reside in the District of Massachusetts because each is subject to personal jurisdiction in the District of Massachusetts. In addition, Discovery Store has committed acts of infringement and has at least one regular and established place of business in this District. Thus, venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b).

**GENERAL ALLEGATIONS**

**Brookstone's Product**

9.    Brookstone is a nationwide specialty retailer offering an assortment of consumer products that are distinctive in quality and design and not widely available from other retailers. Brookstone has a long history of developing and bringing to market unique, proprietary branded products. The success of Brookstone's proprietary product development activities is reflected in the fact that it has been issued at least thirty (30) patents for a wide variety of products.

10.    One of Brookstone's unique and patented products is the "Wafer Thin CD System," SKU No. 346114, as shown in Exhibit B (referred to herein as the "Brookstone CD System"). This product when introduced in approximately September, 2002, was available exclusively from Brookstone.

11.    The Brookstone CD System is comprised of at least three components, a CD Player, a pair of Audio Speakers, and a Subwoofer Speaker. The Brookstone CD System, as a whole as well as each of the aforementioned three components individually, has features relating to the outward appearance that are non-functional. Since the introduction of the Brookstone CD

3

System into the marketplace, one or more of these features has acquired secondary meaning such that consumers equate one or more of the features of the Brookstone CD System with Brookstone. Therefore, the distinctive, non-functional features of the Brookstone CD System as a whole, and/or of each of the CD Player, Audio Speakers, and Subwoofer individually constitute the protected trade dress of Brookstone (referred below as the "Brookstone Trade Dress"). The Brookstone CD System is typically displayed in its stores as it is on its website (see Exhibit A).

12.    By way of example, without limitation, the Brookstone CD System has a distinctive vertical orientation and a distinctive transparent door with a LCD screen located to the right of the door. By way of example, without limitation, the Brookstone Speakers have a distinctive vertical orientation, a distinctive slightly rectangular shape, and a low-profile trim surrounding a dark perforated grill and are wafer-thin in profile. By way of example, without limitation, the Brookstone Subwoofer has a distinctive low-profile rectangular box shape, with a distinctive opening in the front. Taken together, by way of example and not as limitations, the Brookstone CD System has a distinctive low profile, compact appearance.

### Defendants' Infringing Conduct

13.    Each of the Defendants manufactures, imports, uses, offers for sale and/or sells the Accused System. Discovery Communications and/or Discovery Store has made or had made the Accused System, has used the Accused System, has imported the Accused System, has sold the Accused System, and/or offered the Accused System for sale. Each of the Defendants has offered to sell or has sold the Accused System throughout the United States, including Massachusetts. In addition, each of the Defendants is presently conducting these activities and will likely continue these activities.

14.    The Accused System, like the Brookstone CD System, includes a CD player, a pair of speakers, and a subwoofer.  On information and belief, each of the Defendants has intentionally copied all or portions of Brookstone's CD System.  On information and belief, Defendants display the Accused System to potential customers in the assembled state, including in at least some retail locations and on the aforementioned website (see Exhibit B).

15.    The appearance of the Accused System as a whole and/or each of the CD player, pair of speakers, and subwoofer components resembles the Brookstone CD System and/or one or more of its components such that the appearance of the Accused System and/or one or more of its components is likely to cause confusion in the minds of consumers as to the origin of the Accused System.

## FIRST CLAIM FOR RELIEF FOR INFRINGEMENT OF
## U.S. PATENT NO. D485,250

16.    Brookstone incorporates each of the allegations in paragraphs 1 - 15 above as if set forth herein in full.

17.    United States Patent No. D485,250 (the "'250 Patent") issued on January 13, 2004, and is entitled "CD Player."  Brookstone is an owner by assignment of the '250 Patent.  A true and correct copy of the '250 Patent is attached hereto as Exhibit C and is incorporated herein by reference.

18.    Upon information and belief, each of the Defendants has been and is now infringing the claim of the '250 Patent by [1] making, having made, importing, using, offering to sell, or selling the patented invention, [2] by actively inducing others to make, import, use, offer to sell, or sell the patented invention, or [3] by contributing to the manufacture, import, use, sale, or offer for sale the patented invention in the United States.

19.    More particularly, without limitation, each of the Defendants is now infringing the claim of the '250 Patent by making, having made, importing, using, offering to sell, or selling the Accused System, including the CD player component thereof, which embodies the patented invention of the '250 Patent.

20.    By service of this Complaint, Brookstone gives each of the Defendants actual notice of the existence of the '250 Patent. Despite such notice, each of the Defendants has and will likely continue to willfully engage in acts of infringement without regard to the '250 Patent, and will continue to do so unless otherwise enjoined by this Court.

21.    Brookstone has been damaged by the infringing activities of the Defendants and will be irreparably harmed unless those infringing activities are permanently enjoined by this Court. Brookstone does not have an adequate remedy at law.

## SECOND CLAIM FOR RELIEF FOR INFRINGEMENT OF U.S. PATENT NO. D476,640

22.    Brookstone incorporates each of the allegations in paragraphs 1 - 21 above as if set forth herein in full.

23.    United States Patent No. D476,640 (the "'640 Patent") issued on July 1, 2003, and is entitled "Audio Speaker." Brookstone is an owner by assignment of the '640 Patent. A true and correct copy of the '640 Patent is attached hereto as Exhibit D and is incorporated herein by reference.

24.    Upon information and belief, each of the Defendants has been and is now infringing the claim of the '640 Patent by [1] making, having made, importing, using, offering to sell, or selling the patented invention, [2] by actively inducing others to make, import, use, offer to sell, or sell the patented invention, or [3] by contributing to the manufacture, import, use, sale, or offer for sale the patented invention in the United States.

25.     More particularly, without limitation, each of the Defendants is now infringing the claim of the '640 Patent by making, having made, importing, using, offering to sell, or selling the Accused System, including pair of the speakers, which embody the patented invention of the '640 Patent.

26.     After the issuance of the '640 Patent, by letter Brookstone gave Defendants notice of the existence of the '640 Patent and of Brookstone's contention that the Accused System infringes the '640 Patent.  In addition, by service of this Complaint, Brookstone gives each of the Defendants actual notice of the existence of the '640 Patent.  Despite such notice, each of the Defendants has and will likely continue to willfully engage in acts of infringement without regard to the '640 Patent, and will continue to do so unless otherwise enjoined by this Court.

27.     Brookstone has been damaged by the infringing activities of the Defendants and will be irreparably harmed unless those infringing activities are permanently enjoined by this Court.  Brookstone does not have an adequate remedy at law.

## THIRD CLAIM FOR RELIEF FOR TRADE DRESS INFRINGEMENT UNDER 15 U.S.C § 1125(a)

28.     Brookstone incorporates each of the allegations in paragraphs 1 - 27 above as if set forth herein in full.

29.     Each of the Defendants has engaged in acts that constitute acts of unfair competition, namely, trade dress infringement, of the type prohibited by Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

30.     Each of the Defendants has used or is using in commerce the Brookstone Trade Dress, which constitutes protected symbol(s) and/or device(s), or a combination thereof,  in connection with Defendants' offers for sale and/or sales of the Accused System  in such a

manner as to likely cause confusion or to cause mistake on the part of a consumer, or to deceive a consumer as to the origin, sponsorship, or approval of the Accused System. Defendants' use of the Brookstone Trade Dress with their offers for sale and/or sales of the Accused System induces prospective buyers and others to mistakenly believe that the Accused System offered by Defendants is originated from, sponsored by, or otherwise approved by or associated with Brookstone.

31.    Defendants' use of the Brookstone Trade Dress is not authorized and falsely associates the Defendants and Defendants' Accused System with Brookstone and Brookstone's Trade Dress.

32.    On information and belief, Defendants have used the Brookstone Trade Dress with the intent of presenting the false impression that the Accused Product is somehow related to, sponsored by, or connected with Brookstone.

33.    Defendants' use of the Brookstone Trade Dress in the manner alleged herein constitutes unfair competition within the meaning of 15 U.S.C. § 1125(a).

34.    By the acts complained of herein, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Brookstone for which Brookstone has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF FOR TRADE DRESS INFRINGEMENT UNDER MASSACHUSETTS COMMON LAW

35.    Brookstone incorporates each of the allegations in paragraphs 1 - 34 above as if set forth herein in full.

36.    Each of the Defendants has engaged in acts that constitute acts of unfair competition, namely, trade dress infringement, of the type prohibited under the common law of Massachusetts.

37.    Each of the Defendants has used or is using in commerce the Brookstone Trade Dress, which constitutes protected symbol(s) and/or device(s), or a combination thereof, in connection with Defendants' offers for sale and/or sales of the Accused System in such a manner as to likely cause confusion or to cause mistake on the part of a consumer, or to deceive a consumer as to the origin, sponsorship, or approval of the Accused System. Defendants' use of the Brookstone Trade Dress with their offers for sale and/or sales of the Accused System induces prospective buyers and others to mistakenly believe that the Accused System offered by Defendants is originated from, sponsored by, or otherwise approved by or associated with Brookstone.

38.    Defendants' use of the Brookstone Trade Dress is not authorized and falsely associates the Brookstone Trade Dress with Defendants and the Defendants' Accused System.

39.    On information and belief, Defendants have used the Brookstone Trade Dress with the intent of presenting the false impression that the Accused Product is somehow related to, sponsored by, or connected with Brookstone.

40.    Defendants' use of the Brookstone Trade Dress in the manner alleged herein constitutes unfair competition under Massachusetts common law.

41.    By the acts complained of herein, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Brookstone for which Brookstone has no adequate remedy at law.

**WHEREFORE,** Brookstone requests judgment as follows:

(a)     That each of the Defendants has infringed one or more claims of the '250 and '640 Patents, and that its infringement has been willful;

(b)     That Brookstone has been irreparably harmed by the infringing activities of each of the Defendants;

(c)     That each of the Defendants, and the officers, agents, servants, employees of each and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused System, be preliminarily and permanently enjoined from further infringement of the '250 and '640 Patents;

(d)     That an accounting be had for the damages caused to Brookstone by the infringing activities of Defendants;

(e)     That Brookstone be awarded damages adequate to compensate for Defendants' infringement, which damages shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the '250 and '640 Patents by the Defendants, and/or the actual profits of each of the Defendants under 35 U.S.C. § 289, including pre- and post-judgment interest, and costs, including expenses;

(f)     That, once actual damages are assessed, damages so ascertained be trebled under 35 U.S.C. § 284 in view of the willful and deliberate nature of the infringement, and that such damages be awarded to Brookstone with interest;

(g)     That this be declared an exceptional case under 35 U.S.C. § 285 and that Brookstone be awarded its attorneys' fees;

(h)     That each of the Defendants, and the officers, principals, agents, servants, employees, successors and assigns of each, and all those in privity, concert or participation with any of them, be preliminarily and permanently enjoined from:

    (1)     imitating, copying, duplicating or otherwise making any use of the Brookstone Trade Dress or any features confusingly similar to the Brookstone Trade Dress;

    (2)     using any unauthorized copy or colorable imitation of the Brookstone Trade Dress in such fashion as is likely to falsely relate or connect Defendants or their Accused System with Brookstone;

    (3)     causing likelihood of confusion or injury to Brookstone's business reputation and to the distinctiveness of the Brookstone Trade Dress by unauthorized use of the same;

    (4)     engaging in any other activity constituting unfair competition, or infringement of the Brookstone Trade Dress or Brookstone's rights in, or to use, or to exploit the same; and

    (5)     assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (1) through (4) above.

(i)     That Defendants have infringed the Brookstone Trade Dress and have damaged Brookstone's goodwill by the acts complained of herein in violation of federal and/or common law;

(j)    That Defendants have unfairly competed with Brookstone by the acts complained of herein in violation of federal and/or common law;

(k)    That Brookstone be awarded monetary damages, including all of Defendants' profits or gains of any kind resulting from their unlawful conduct, said amount to be trebled, and exemplary (and punitive) damages in view of the intentional nature of the acts complained of herein;

(l)    That Brookstone be awarded its attorneys' fees and all of Brookstone's costs and expenses of litigation;

(m)    That Brookstone be awarded the exceptional remedies of attorneys' fees and treble damages provided under 15 U.S.C. §§1117.

(n)    That Brookstone be awarded such further necessary or proper relief as this Court may deem just.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Brookstone hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

Brookstone Company Inc.
By Its Attorneys,

_____
Jonathan D. Cohen BBO No. 600081
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Fax: (617) 310-6001

and

Jonathan D. Jay, Esq.
Terrance C. Newby, Esq.
LEFFERT JAY & POLGLAZE, P.A.
150 South Fifth Street
Suite 1900
Minneapolis, Minnesota 55402
Telephone: 612-312-2210
Fax: 612-312-2250

May 24, 2004

bos-srv01\141748v02\65376.010000





US00D485250S

(12) **United States Design Patent**       (10) Patent No.:       **US D485,250 S**
    Harris et al.                          (45) Date of Patent:       **       Jan. 13, 2004

(54)  **CD PLAYER**

(75)  Inventors: **David Harris**, Nashua, NH (US); **Rudy Woodard**, Nashua, NH (US); **Tim Trzepacz**, Nashua, NH (US)

(73)  Assignee: **Brookstone Company, Inc.**, Nashua, NH (US)

(**)  Term:      **14 Years**

(21)  Appl. No.: **29/162,757**

(22)  Filed:     **Jun. 20, 2002**

(51)  LOC (7) Cl. .................................. **14-01**
(52)  U.S. Cl. ...................................... **D14/156**
(58)  Field of Search .............. D14/135–136, D14/156–157, 167–168, 188, 193–198, 257–258; 369/75.1, 75.2, 77.1, 77.2; 455/344, 347, 350–351

(56)              **References Cited**

U.S. PATENT DOCUMENTS

D331,238 S   *  11/1992  Lewis ..................... D14/168

| | | | |
|---|---|---|---|
| 5,859,828 A | | 1/1999 | Ishibashi ............... 369/75.1 |
| D435,534 S | * | 12/2000 | Horikoshi ............... D14/168 |
| D445,773 S | * | 7/2001 | Fenner ................ D14/156 |
| D455,142 S | * | 4/2002 | Saitoh ................ D14/168 |

* cited by examiner

*Primary Examiner*—Nanda Bondade
(74) *Attorney, Agent, or Firm*—Hayes Soloway P.C.

(57)                **CLAIM**

The ornamental design for a CD player, as shown and described.

              **DESCRIPTION**

FIG. 1 is a front view thereof;
FIG. 2 is a rear view thereof;
FIG. 3 is a right-side view thereof;
FIG. 4 is a left-side view thereof;
FIG. 5 is a top plan view thereof;
FIG. 6 is a bottom plan view thereof; and,
FIG. 7 is a front perspective view thereof.

**1 Claim, 6 Drawing Sheets**



**U.S. Patent**    Jan. 13, 2004    Sheet 1 of 6    US D485,250 S



FIG. 1

**U.S. Patent**    Jan. 13, 2004    Sheet 2 of 6    US D485,250 S



FIG. 2

**U.S. Patent**     Jan. 13, 2004     Sheet 3 of 6     US D485,250 S



FIG. 4



FIG. 3



FIG. 5



FIG. 6



FIG. 7

US00D476640S

## (12) United States Design Patent
### Harris et al.

(10) Patent No.: **US D476,640 S**
(45) Date of Patent: ** **Jul. 1, 2003**

(54) **AUDIO SPEAKER**

(75) Inventors: **David Harris, Nashua, NH (US); Rudy Woodard, Nashua, NH (US); Tim Trzepacz, Nashua, NH (US)**

(73) Assignee: **Brookstone Company, Inc., Nashua, NH (US)**

(**) Term: **14 Years**

(21) Appl. No.: **29/162,758**

(22) Filed: **Jun. 20, 2002**

(51) LOC (7) Cl. .................................. 14-01
(52) U.S. Cl. ........................... D14/211; D14/214
(58) Field of Search ............................ D14/204, 207, D14/209–216, 356, 375; 181/144–145, 147–148, 150, 153, 157, 198–199; 381/300–302, 306, 333, 345, 361–364, 386–388

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D302,979 | S | * 8/1989 | Sanders .................... | D14/214 |
| D364,857 | S | * 12/1995 | Chou ....................... | D14/375 |
| D416,289 | S | * 11/1999 | Hoyt et al. ............... | D14/214 |
| D428,415 | S | * 7/2000 | Shibata .................... | D14/356 |
| 6,144,746 | A | * 11/2000 | Azima et al. ............. | 381/386 |
| D438,530 | S | * 3/2001 | Sawhney et al. .......... | D14/211 |

#### OTHER PUBLICATIONS

Audio Video International, Jun. 1985, p. 60, Digital 21 Speakers.*

* cited by examiner

*Primary Examiner*—Nanda Bondade
(74) *Attorney, Agent, or Firm*—Hayes Soloway P.C.

(57) **CLAIM**

The ornamental design for an audio speaker, as shown and described.

**DESCRIPTION**

FIG. 1 is a front elevational view of an audio speaker showing our new design;
FIG. 2 is a back elevational view thereof;
FIG. 3 is a left-side elevational view thereof; the right side being a mirror image thereof;
FIG. 4 is a top plan view thereof;
FIG. 5 is a bottom plan view thereof; and,
FIG. 6 is a front perspective view thereof.

**1 Claim, 6 Drawing Sheets**



**U.S. Patent**     Jul. 1, 2003     Sheet 1 of 6     US D476,640 S



FIG. I

**U.S. Patent**    Jul. 1, 2003    Sheet 2 of 6    **US D476,640 S**



FIG. 2



FIG. 3

**U.S. Patent**    Jul. 1, 2003    Sheet 4 of 6    US D476,640 S



FIG. 4



FIG. 5

Case 1:04-cv-11072-GAO    Document 1    Filed 05/24/2004    Page 33 of 35



FIG. 6

✎JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

BROOKSTONE COMPANY, INC.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

DISCOVERY COMMUNICATIONS, INC., and
DISCOVERY CHANNEL STORE, INC.

2004 MAY 24 P 3: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jonathan D. Cohen BBO #600081
Greenberg Traurig, LLP, One International Place,
Boston, MA 02110  (617) 310-6000

Attorneys (If Known)

04 CV 11072 GAO

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Complaint for patent infringement arising under the Patent Laws of the United States 35 U.S.C. Sec. 1, et al

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____    DOCKET NUMBER _____

DATE  5/24/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only) __BROOKSTONE COMPANY, INC. v. DISCOVERY COMMUNICATIONS,__

__INC., and DISCOVERY CHANNEL STORE, INC._____ 2004 MAY 24 P 3: 07

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
local rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

- [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,         04 cv 11072 GAO
            690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
28 USC §2403)

                                                   YES [ ]   NO [X]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).

                                                   YES [ ]   NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]       Central Division [ ]       Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies,  residing in Massachusetts reside?

        Eastern Division [ ]       Central Division [ ]       Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
yes, submit a separate sheet identifying the motions)

                                                   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Jonathan D. Cohen, BBO #600081, Greenberg Traurig, LLP,_____

ADDRESS ____One International Place, Boston, MA  02110_____

TELEPHONE NO. ____(617) 310-6000_____

(Coversheetlocal.wpd  - 10/17/02)